21522. CARSON v. MARETTE *et al.*

ARGUED JANUARY 17, 1962—DECIDED FEBRUARY 8, 1962.

*T. M. Allen, Jr.,* for plaintiff in error.

*John Wesley Weekes, Nancy S. Cheves, Murphey Candler, Jr.,* contra.

ALMAND, Justice. This is a habeas corpus proceeding involving the custody of a minor child between parties unrelated by blood or marriage to the child.

Lois V. Carson in her petition for the writ of habeas corpus asserted that the judge of the Juvenile Court of DeKalb County

and the director of the DeKalb County Welfare Department were illegally detaining a minor child, ten years of age. On a hearing of the writ the following represents a summary of the pertinent evidence: the mother (of the child, born out of wedlock) on May 1, 1958, in writing, relinquished all rights and claims to her minor child, Barbara Ann, six years of age at that time, to the DeKalb County Juvenile Court and agreed that the court might place the child for adoption. On April 30, 1959, the Juvenile Court of DeKalb County by written order had taken the custody of Barbara Ann on the ground that she was living under conditions not conducive to her general welfare and best interest, and placed her in the temporary custody and control of Mrs. Lois V. Carson. On May 4, 1959, the mother of the child gave her written consent to Mrs. Carson for adoption of the child. On April 14, 1959, the DeKalb County Juvenile Court granted permission to Mrs. Carson to adopt the child but further ordered that the "Court retain jurisdiction of said child until final adoption is consummated." (The record does not disclose that Mrs. Carson ever instituted any proceedings for adoption.) On January 24, 1961, a complaint was filed with the Juvenile Court alleging that Mrs. Carson was abusing and treating the child cruelly. Thereafter, the court took the child from the custody of Mrs. Carson and on March 29, 1961, entered an order placing the child in the custody of the State Department of Public Welfare.

After hearing the evidence the court, on motion, dismissed the writ.

The court did not err in so doing. The natural mother having the sole parental control of the child released all of her rights of custody and control of the child to the DeKalb County Juvenile Court. The court under the provisions of the Juvenile Court Act of 1951 as amended (*Code Ann.* §§ 24-2416, 24-2421, 24-2422), had the authority to take custody of the minor child, place its custody in another party or agency subject to supervision of the court, and to change the physical custody of the child at any time. The only custody that petitioner, Mrs. Carson, ever had of the child was that of custodial care under the order of the court which could be revoked at any time. The right of Mrs. Carson to the custodial care of the child was revoked and at the time of the hearing the Juvenile Court had placed

this care in the State Department of Public Welfare. In these circumstances, the evidence demanded a finding that the minor child was not being illegally detained by the defendants; therefore, the court did not err in dismissing the writ.

*Judgment affirmed. All the Justices concur.*